**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re:
M/V ENDEAVOUR, LLC,                                          Chapter 11

                Debtor.          (Bankruptcy Case) Case No. 3:13-cv-136-J-32

M.D. MOODY & SONS, INC.,

                Plaintiff,
vs.                                               (Admiralty Case) Case No. 3:11-cv-1242-J-32JBT

ALEXANDER McLAREN, etc., et al.,

                Defendants.

## ORDER

The complex history of these cases can be gleaned from the record of the past hearings and prior Court orders.[1] What is before the Court at this point are two motions to dismiss the bankruptcy case, both of which the Court intends to grant. The result of that decision is that the Court is now prepared to enter final judgment in favor of M.D. Moody & Sons, Inc. ("Moody") in the admiralty case and, without the bar of an active bankruptcy case, the Court will further permit Moody to credit bid its judgment at a sale of the M/V Endeavour, which the Court is ordering to take place forthwith.

In March of this year, in the context of a request to lift the automatic stay, the Court determined that the bankruptcy case was filed in bad faith, thereby permitting the Marshal

---

[1] See Bankruptcy case (3:13-cv-136) Docs. 1-1, 1-5, 1-6, 1-30, 1-34, 4, 5, 6, 7, 8, 9, 20, 22, 41, 43 and Admiralty case (3:11-cv-1242) Docs. 18, 24, 27, 30, 32, 37, 50, 52, 57, 64, 68, 75, 84, 93, 100, 101, 120, 124, 138, 140, 143, 145, 160, 166, 167, 170.

to proceed with a sale of the vessel (however, as the parties know, there were no bidders and the vessel did not sell). See Case No. 3:13-cv-136, Orders (Docs. 6 & 9), Minutes (Doc. 5), Transcript (Doc. 41). Moody now moves the Court to again find bad faith, this time for the purposes of dismissing the bankruptcy case in its entirety. See Case No. 3:13-cv-136, Motion (Doc. 16). The factors the Court considered in determining to lift the automatic stay to permit the sale are relevant in its decision to dismiss the bankruptcy case on grounds of bad faith. See Case No. 3:13-cv-136, Orders (Docs. 6 & 9), Minutes (Doc. 5), Transcript (Doc. 41); see In re Dixie Broadcasting, Inc., 871 F.2d 1023, 1026, 1029 (11th Cir. 1989) (listing bad faith factors and explaining that same factors Court considers in weighing whether to lift stay are relevant in deciding whether to dismiss); In re Phoenix Piccadilly, Ltd., 849 F.2d 1393, 1394-95 (11th Cir. 1988) (listing factors and citing, among other cases, Little Creek Dev. Co. v. Commonwealth Mortgage Corp., 779 F.2d 1068, 1073 (5th Cir. 1986)).

As explained by the Eleventh Circuit, the bad faith analysis for purposes of lifting an automatic stay as compared to the analysis of bad faith for purposes of dismissal is akin to the comparison between entry of a preliminary injunction and entry of a permanent injunction. In re Dixie Broadcasting, 871 F.2d at 1029. Where the number and certainty of the factors constitute bad faith, dismissal may well be warranted. Id.

Moody urges the Court to dismiss the bankruptcy proceeding as a bad faith filing, arguing that not only do the same factors still apply which led the Court to find bad faith in lifting the automatic stay, but also that all subsequent case events support that outcome as well. In arguing against dismissal, the debtor contends that it has made efforts at reorganizing and in fact has a charter arranged that would result in payments to the creditors

at a higher rate of return than would a sale of the vessel (which is Moody's goal in securing dismissal of the bankruptcy proceeding).

After reviewing the debtor's proposed charter agreement (see Case No. 3:13-cv-136, Doc. 27) and incorporating the discussion from the May 23, 2013 hearing, the Court finds the debtor's presentation insufficient to surmount the many factors which strongly weigh in favor of dismissal on the grounds of bad faith. This vessel has been at risk of being sold since December of 2011 when the Court issued a warrant in rem for its arrest and authorized its seizure by the U.S. Marshal. See Case No. 3:11-cv-1242, Doc. 2. Until the recent emergence of the proposed charter agreement, the vessel owners (primarily Alexander McLaren) had taken virtually no measures to secure the vessel's release (which could have occurred for about $50,000 at the beginning of the case) and instead have obstructed nearly every effort by Moody to resolve this matter, including taking the step of forming an out of state LLC (whose sole asset was the vessel) and then immediately having the LLC file a Chapter 11 bankruptcy petition in the District of Washington, all of which occurred on December 27, 2012, just days before the first Court-ordered sale of the vessel (which was scheduled for January 3, 2013). In addition, the debtor's initial bankruptcy filings were woefully deficient and efforts to cure the deficiencies have been too little and too late. As one example (out of many that the Court could recite), the debtor listed only M.D. Moody & Sons, Inc. as a creditor of the LLC but now argues that R.J. Edwards and Sinellco, LLC are legitimate creditors whose interests would be unfairly compromised by the dismissal of the bankruptcy case. The debtor stated that the reason the additional creditors were not originally listed was that it did not have sufficient information about those creditors at the time

3

of the filing. However, R.J. Edwards is the mother of Alexander McLaren (and Thomas too presumably) and her interest, if legitimate, was surely known to the debtor at the time the petition was filed.[2]

In short, the Court incorporates by reference its earlier findings made on the record regarding the bad faith factors and finds they equally support a finding of bad faith for purposes of dismissal. See Case No. 3:13-cv-136, Orders (Docs. 6 & 9), Minutes (Doc. 5), Transcript (Doc. 41). All subsequent case events, including the presentations from the debtor both in writing and at the May 23, 2013 hearing, have only served to strengthen the Court's determination that the LLC's Chapter 11 petition is a bad faith filing, subject to immediate dismissal.[3]

The Acting U.S. Trustee has also moved to dismiss the Chapter 11 bankruptcy case on the basis of the debtor's gross noncompliance with the bankruptcy rules and procedures. See 3:13-cv-136, Motion (Doc. 19). The debtor essentially concedes that it has failed to

---

[2]The other creditor, Sinellco, LLC (whose principal Moody suggests may be yet another relative of the McLarens), was only formed on March 28, 2013- - three months after the formation of the M/V Endeavour LLC and its declaration of bankruptcy- - and its claim, which apparently arose when it purchased an interest in a 2010 failed contract owned by the same Harry Briggs who is supposedly willing to engage in a new charter agreement, appears specious. However, the Court need not resolve the debtor's objections to Moody's presentation on these points.

[3]Peter Arkison, the Chapter 7 Trustee for Alexander McLaren's Chapter 7 case, who previously opposed actions resulting in a sale of the vessel, has now negotiated a sale of the Chapter 7 Trustee's interest in the vessel to Moody for $15,000. See Case No. 3:13-cv-132, Docs. 24 & 22. The arrangement between the Chapter 7 Trustee and Moody was discussed on the record at the May 23, 2013 hearing. (The circumstances which brought Mr. Arkison into this case are explained elsewhere in the file but, in a nutshell, his presence is further evidence of Mr. Alexander's McLaren's bad faith throughout this litigation.)

follow virtually any aspect of the required bankruptcy procedures but suggests that its recent efforts toward compliance should cure any default.  However, nothing in the debtor's filings or presentations equate to the "extraordinary and compelling" circumstances required to overcome this serious and inexcusable delay.[4]  See 11 U.S.C. § 1116(3).  Thus, the bankruptcy case is due to be dismissed both as a bad faith filing and, alternatively, for failure to timely file the required bankruptcy documents.  See 11 U.S.C. §§ 308, 521, 704, 1116; Federal Rule of Bankruptcy 1007, 2015, Notice of Filing Deficiency, Case No. 3:13-cv-132, Doc. 1-5 (listing various filing requirements).

Pursuant to its authority under 11 U.S.C. § 349, the Court further finds that the bad faith evidenced by the debtor constitutes cause to dismiss the bankruptcy case "with prejudice," to the extent that the Court will enjoin the M/V Endeavour[5] and its owners from initiating any bankruptcy proceeding involving the vessel for a period of 180 days from the date of this Order.  See, e.g., In re Leavitt, 171 F.3d 1219 (9th Cir. 1999) (affirming dismissal with prejudice on grounds of bad faith pursuant to 11 U.S.C. § 349); In re Hieter, 414 B.R. 665 (D. Idaho 2009) (dismissing with prejudice as a bad faith filing pursuant to 11 U.S.C. § 349 and enjoining for thirteen months); In re Robinson, 198 B.R. 1017 (N.D. Ga. 1996) (dismissing with prejudice and enjoining for 180 days); In re Gros, 173 B.R. 774 (M.D. Fla. 1994) (Funk, J.) (dismissing with prejudice and enjoining for two years).

---

[4]As noted at the hearing by counsel for the Acting U.S. Trustee, the debtor never even sought an extension to file its papers out of time.

[5]Throughout the record, the vessel name is also spelled "Endeavor"- this injunction applies to the vessel by either name.

As for the admiralty proceeding, in late December of 2012, the Court entered an Order granting summary judgment in favor of Moody and against Alexander McLaren and M/V Endeavor and dismissing with prejudice the defendants' counterclaim. See 3:11-cv-1242 Order (Doc. 117). As stated in that Order, the Court intended to enter final judgment for $158,766.44, representing the amount due Moody as of January 2, 2013, and to permit Moody to credit bid its judgment at the January 3, 2013 Marshal's Sale. See 3:11-cv-1242 Order (Doc. 117). However, as stated above, Alexander McLaren and his brother transferred ownership of the vessel into a limited liability corporation and then immediately filed a Chapter 11 petition, resulting in an automatic stay of the admiralty case before the Court could enter final judgment. With the dismissal of the bankruptcy petition, the automatic stay is no longer at issue and the Court therefore will now enter a separate final judgment in favor of M.D. Moody & Sons, Inc., as it previously planned to do.[6]

**ORDERED**:

1.     M.D. Moody & Sons, Inc.'s Motion to Dismiss the Bankruptcy Case and the Acting Trustee's Motion to Dismiss the Bankruptcy Case (Case No. 3:13-cv-136-J-32, Docs.

---

[6]While the debtor has appealed the March 13, 2013 Order (Case No. 13-cv-136, Doc. 9) that denied its emergency motion to set aside the Order granting relief from stay and confirmed the setting of the March 14, 2013 interlocutory sale (which sale, as noted above, did not proceed because there were no buyers), the debtor never sought to stay the bankruptcy case pending appeal and that appeal does not bar entry of this Order. See In re Kahihikolo, 807 F.2d 1540 (11th Cir. 1987).

M/V Endeavour, LLC's Motion Requesting Confirmation Hearing, Case No. 3:13-cv-136, Doc. 45 is **moot** given these rulings. In light of the outcome of the dispositive motions, the Court has determined to **deny** Moody's recently filed motion for sanctions against the two McLaren brothers and the attorney for the limited liability company they formed. see Case 3:13-cv-136, Doc. 44. These parties' motion to extend time to respond to the motion for sanctions (Case 3:13-cv-136, Doc. 49) is therefore **moot**.

16 & 19) are **GRANTED**. The Chapter 11 Bankruptcy Petition filed by M/V Endeavour, LLC, Case No. 3:13-cv-136-J-32, is **DISMISSED WITH PREJUDICE** as a bad faith filing and for cause for the debtor's gross noncompliance with the bankruptcy rules and procedures; the debtor and its owners are enjoined from initiating any bankruptcy proceeding involving the vessel for a period of 180 days from the date of this Order.

2. M.D. Moody & Sons, Inc.'s Motion to Lift Automatic Stay, Enter Final Judgment, and Allow Plaintiff to Credit Bid Its Judgment (Case No. 3:11-cv-1242-J-32JBT, Doc. 149) is **GRANTED** to the extent that the dismissal of the bankruptcy case dissolves the automatic stay, the Court will enter final judgment by separate Order, and the Court will permit M.D. Moody & Sons, Inc. to credit bid its judgment at the upcoming sale as stated below.

3. No later than **June 28, 2013**, M.D. Moody & Sons, Inc. shall file a proposed Final Judgment for the admiralty case accompanied by an accounting which explains how the figures have been derived.

4. Plaintiff's Motion to Set Second U.S. Marshal's Auction with Reduced Minimum Bid (Case No. 3:11-cv-1242, Doc. 150) is **GRANTED**. The United States Marshal is authorized and directed to sell the vessel M/V Endeavor, her engines, tackle, apparel, and equipment, at public auction on at least one calendar week's notice to the highest and best bidder, in accordance with Local Admiralty Rule 7.05(r), and subject to the confirmation of the Court. The minimum bid is established as $150,000.00. Any net proceeds (after payment of Marshal's fees and charges and other costs of sale) shall be deposited into the Court's registry for distribution following resolution of the admiralty case. The Marshal shall

set the sale for a date as soon as practicable.

5.     The United States Marshal shall twice give notice of the proposed public sale pursuant to the Local Admiralty Rules of this Court, specifically Local Admiralty Rule 7.05(q) and 7.01(g).  The notice shall include the time and place where the sale will be conducted.  In addition, the notice shall state that prospective bidders may, on application to the United States Marshal and, in such times and in such a manner as he may direct, board the vessel for purposes of inspection thereof; and that the highest and best bidder will be required to deliver to the U.S. Marshal at the time of the sale, by certified check or cashier's check, earnest money equal to 10% of the bid price, with the balance to be paid by certified check or cashier's check within three working days after the sale, or, if an objection is filed, within three working days after the Court confirms the sale.  In addition to the notice requirements of the Local Admiralty Rules, the parties are authorized to publish the Notice of Sale and engage in other appropriate advertising in such other specialized publications as the parties mutually agree, with the cost of this additional advertising to be shared equally.  Barring such mutual agreement, any party publishing notice shall itself bear the expense of doing so.

6.     The U.S. Marshal is advised that M.D. Moody & Sons, Inc. will be permitted to bid its judgment against the vessel.  The amount of that judgment will be set by separate Order in advance of the sale.  Notwithstanding this provision, if M.D. Moody & Sons, Inc. is the successful bidder, it will be required within three working days after the sale (or, if an objection is filed, within three working days after confirmation) to satisfy by certified check or cashier's check any sums due the U.S. Marshal for advertising or other costs associated with the sale to the extent such sums exceed the amount Moody may have on deposit with

the U.S. Marshal.

7. At the conclusion of the sale, the Marshal is directed to file a written report of the sale as provided in Local Admiralty Rule 7.05(r)(5). Unless an objection is timely filed in accordance with Local Admiralty Rule 7.05(r)(7), or the purchaser is in default for failing to pay the balance of the purchase price, M.D. Moody & Sons, Inc. shall file a Request for Confirmation of Sale on the day following the last day for filing objections. The Request for Confirmation of Sale shall comply with the requirements of Local Admiralty Rule 7.05(r)(6) and include a proposed Confirmation of Sale which substantially conforms in format and content to the form identified as MDF 710 in the Appendix to the Local Admiralty Rules of this Court.

8. The Court will conduct a status conference in the admiralty case (Case No. 3:11-cv-1242-J-32JBT) once the sale is confirmed in accordance with Local Rule 7.05(r).

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of June, 2013.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
counsel of record
Alexander McLaren, pro se (by U.S. mail)
U.S. Marshal (Larry Richter, Deputy Marshal)